FILED

98 SEP 29 PM 1:23

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

SEP 29 1998

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

JOSEPH E. GUE           )
                        )
     Plaintiff,         )
                        )
v.                      )   CV-98-AR-1684-M
                        )
CITY OF GADSDEN         )
                        )
     Defendant.         )

## MEMORANDUM OPINION

The court now has before it defendant's reinstated motion, pursuant to F.R.Civ.P. Rule 12(b)(6), seeking a dismissal of Count Three of plaintiff's complaint for failure to state a claim upon which relief can be granted. For the reasons explained below, the motion is due to be granted, and plaintiff's claim of retaliatory discharge under Count Three of his complaint is due to be dismissed.

In his complaint, plaintiff, Joseph E. Gue ("Officer Gue"), alleges that defendant, the City of Gadsden ("Gadsden"), "wrongfully excluded Officer Gue from an opportunity for advancement in retaliation for filing a claim to recover worker's compensation benefits in violation of Ala. Code § 25-5-11.1 (1975)." As a result of the alleged wrong, Officer Gue claims that he was "caused to be injured and damaged; to have his career

significantly and adversely impacted; to forego compensation and benefits; and to endure mental anguish, emotional distress, humiliation, shame, and embarrassment." Officer Gue does not allege that he was actually terminated from his employment with Gadsden, or that he has resigned as a result of intolerable working conditions.

In support of its motion to dismiss, Gadsden directs this court's attention to *White v. Midtown Restaurant Corporation*, 632 So.2d 1330 (Ala. 1994)("White"). In *White*, plaintiff had previously worked as a general manager before being demoted and reassigned as an assistant manager for defendant's food chain. Plaintiff alleged that the demotion and reassignment occurred in retaliation for filing a worker's compensation claim, and he also alleged that officials employed by defendant harassed him. Defendant did not reduce plaintiff's salary, and plaintiff did not resign. Plaintiff claimed that defendant's actions violated Ala. Code § 25-5-11.1. The court in *White* initially determined that because plaintiff had not resigned as a result of any alleged "intolerable" conditions, there was no constructive discharge under the rule of *Irons v. Service Merchandise co.*, 611

2

So.2d 294.[1] *Id.*, at 1331. The court also found that plaintiff "suffered no loss of employment that could reasonably be construed as a 'partial termination' of employment, so as to trigger application of § 25-5-11.1." *Id.*, at 1332.

This court finds the analysis in *White* to be compelling. In the present case, Officer Gue cannot and does not claim to have been demoted. Unlike the plaintiff in *White*, who was actually reassigned to a job with new and lesser responsibilities, Officer Gue merely alleges that he remained at the same position within the traffic division of the Gadsden Police Department, instead of being "promoted" to a position with more responsibility and better opportunities. Although he later sought reassignment to another department, he did not feel compelled to actually resign as a result of allegedly "intolerable" circumstances. Thus, applying the rule in *Irons* and *White*, it is impossible to conclude that any "constructive discharge" has occurred.

---

[1] *Irons v. Service Merchandise Co.*, 611 So.2d 294, 295 (Ala. 1992) ("Irons") adopted the rule applied in federal courts for reviewing "constructive discharge" claims, stating "[If] the employer deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation, then the employer has encompassed a constructive discharge and is as liable for any illegal conduct involved therein as if it had formally discharged the aggrieved employee." (Quoting *Jurgens v. EEOC*, 903 F.2d 386, 390 (5th Cir. 1990), which quoted earlier cases.)

3

Similar to the plaintiff in *White*, Officer Gue likewise cannot claim an actual reduction in salary. He was not forced to work less hours, nor was his pay decreased. His alleged loss of salary, benefits, and "opportunity" is purely speculative and relates only to hypothetical future income which he might or might not have realized. Thus, applying the rule in *White*, Officer Gue has "suffered no loss of employment that could reasonably be construed as a 'partial termination' of employment." *Id*.

The court acknowledges that "§ 25-5-11.1 was clearly intended to prohibit employers from retaliating against their employees for seeking workers' compensation benefits," *Id*. However, this court is unwilling to broaden the scope of § 25-5-11.1 to include this kind of speculative discharge or demotion within the meaning of either "constructive discharge" or "partial termination." Officer Gue might be able to prove that his lack of advancement resulted from retaliatory motives on Gadsden's part, and this court would find such retaliation reprehensible. However, Officer Gue has suffered no "termination" for purposes of §25-5-11.1, and therefore Count Three of his complaint has stated no claim upon which relief can be granted.

4

For the reasons stated above, this court finds that Gadsden's motion to dismiss Count Three of Officer Gue's complaint is due to be granted. A separate and appropriate order will be entered.

DONE this 29th day of September, 1998.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE